Dewey, J.
Trespass de bonis asportatis by Tufts against Hume. Pleas, 1, The general issue; 2, Justification under certain executions against one Jackson directed to the defendant as a constable, by virtue of which, he seized the goods and chattels named in the declaration as the property of Jackson; and that the property so seized was Jackson’s and not the plaintiff’s. Replication, alleging the property to be in the plaintiff and .not in Jackson; upon which there was an issue joined. Verdict and judgment for the plaintiff.
*145 It appeared in evidence that Tufts, being the general owner of the property in question, had leased it to Jackson for one year, or until demanded, for which Jackson was to pay a stipulated price per month. Before the expiration of the year, and without any demand having been made by Tufts on Jackson for the property, (the latter still being in possession), the defendant seized it .on the executions .named *in his plea, and sold it at public auction. The Circuit Court instructed the jury that, under those circumstances, the plaintiff was entitled to support his action.
The propriety of this instruction is the question for our consideration.
To maintain trespass, it is essential that the plaintiff should have been in the actual or constructive possession of the property at the time the injury was committed; Smith v. Milles, 1 T. R., 480; Ward v. Macauley, 4 T. R., 489; or, at least, he must have had a general or special property in the goods in controversy, and a right to the immediate possession of them. Chinn v. Russell, 2 Blackf., 172, and note 3.
We do not think that the facts of this case bring the plaintiff within this rule. When the defendant levied the executions against Jackson upon the goods, the latter had, under his lease, a special property in, and the actual and rightful possession of them. The lease had not expired by the lapse of time, nor had it been terminated by a demand of the leased property. It is true that Tufts, the general owner, could, by a demand of the goods, have extinguished the special property of Jaclcson, and have entitled himself to the immediate possession; but not having taken that step, he could have maintained neither trover nor replevin against Jackson. His right was merely reversion-ary; for an injury to such a right, trespass was not the appropriate remedy. We think, therefore, that the instruction of the Circuit Court that the plaintiff could maintain the action, was wrong.
There is another point made by the record x-especting the qualification of a juror, which it is now unnecessary to consider.
■ J. Dumont and P. L. Spooner, for the plaintiff.
G. H. Dunn, for the defendant.
■Per Curiam.—The judgment is reversed with costs. C‘>use remanded, &c.