Acrea v. Brayton.

AFFIRMED.

## ACREA v. BRAYTON.

1. **Appeal:** EVIDENCE TO SUPPORT VERDICT. Though the evidence to support a verdict is meager, this court will not set it aside for that reason.

2. **Trespass:** CUTTING AND CONVERTING HAY: DAMAGES: EVIDENCE. One who without any right goes upon another's land and cuts the grass and makes it into hay and converts it to his own use, is guilty of a trespass, which continues up to and includes the final conversion of the hay; and the measure of the owner's damages is the value of the hay when converted, and not of the standing grass. And in such case, where the land lay near the town of L., which was one of the markets of the community for such products, witnesses who testified that they were acquainted with the value of hay at L. were competent to testify to give their opinion as to the value of the hay when converted.

*Appeal from Harrison District Court.*—HON. GEORGE W. WAKEFIELD, Judge.

FILED, MAY 17, 1888.

ACTION to recover damages for a trespass alleged to have been committed by defendant in carrying away and converting certain hay belonging to plaintiff. Verdict and judgment for plaintiff. Defendant appeals.

*S. H. Cochran,* for appellant.

*H. H. Roadifer* and *J. H. Smith,* for appellee.

REED, J.—The land on which the trespass is alleged to have been committed, for many years before the thirtieth of June, 1886, belonged to Henry Reel. On that day he sold and conveyed it to plaintiff. It consists of eighty acres, part of which was in cultivation, and part in grass. It was inclosed, but there were no buildings on it. For about ten years before the year 1886, defendant had cultivated the portion that was in cultivation, and had cut the grass which grew on the remainder, and made it into hay. This was done under a parol agreement with Reel, entered into in about 1876, and as rent of the premises defendant delivered to Reel each year a portion of the grain raised thereon, and a portion of the hay. In March, 1886, Reel rented the arable land to one Poor, who entered thereon, and planted a portion thereof in corn. Defendant thereupon instituted a suit against Poor, in which he asked and obtained an injunction restraining him from occupying or cultivating the land. The injunction was subsequently dissolved, but while it was in force defendant took possession, and cultivated the crop which Poor had planted, and that was the condition of affairs when plaintiff purchased the premises. Afterwards defendant cut the grass growing on the land, and made the same into hay. He offered to deliver to plaintiff one-third of the hay as rent, but he refused to accept it, and brought this action to recover the value of all of it. He does not deny that the hay which defendant offered to deliver was a fair rental for the grass-land, but his claim is that defendant had no right in the premises, and that his act in cutting the grass was a trespass. Defendant's claim was that his occupancy of the premises under the agreement with Reel created a tenancy at will, or, if not that, a tenancy from year to year, and that the same had never been terminated. The district court instructed the jury, in effect, that the tenancy, whether it be regarded

1. APPEAL: evidence to support verdict.

as a tenancy at will, or from year to year, could be terminated by Reel only at the end of the year, and only by serving defendant with written notice of his intention to terminate it, but that it might be terminated by the agreement of the parties. There was no evidence, however, of the service of any written notice, and the court so instructed the jury. The verdict, then, necessarily implies a finding by the jury that there was an agreement to terminate the tenancy. But it was contended that such finding is not supported by the evidence. It must be admitted that the evidence of an agreement by defendant to surrender the possession is meager. Still we think it cannot be said that there was no evidence tending to prove such agreement, and under the well-settled rule we will not disturb the judgment on that ground.

On the trial, witnesses who testified that they were acquainted with the value of hay at Logan, the land being situated near that town, were permitted, against defendant's objection, to testify to their opinion as to the value of the hay in question. The objections urged against that ruling were (1) that, as defendant's act in cutting the grass was a trespass, the measure of plaintiff's damages was the value of the grass as it stood upon the ground before the trespass ; and (2) that, if defendant is liable for the value of the hay, his liability is measured by the value at the place of conversion, and hence the knowledge of the witnesses of the value of the hay at Logan did not qualify them to express an opinion as to its value at that place. Under the finding of the jury that the tenancy had been terminated, defendant's act in cutting the grass and making it into hay, and subsequently carrying it away and converting it, was a continuing trespass, and he is liable for all of damages caused thereby. He acquired no right to the hay by his act of cutting and curing it, but the ownership remained in plaintiff. His subsequent act of carrying it away and converting it was as much a violation of plaintiff's

*2. TRESPASS: cutting and converting hay : damages : evidence.*

rights as any of his acts had been, and it is for that act that plaintiff seeks to recover. By it he was deprived of his property, and he is clearly entitled to recover the value of the property at the time the act was committed. As stated above, the premises are situated near Logan. That town is one of the markets of the community for products of that kind. Very clearly, we think it was competent for the witnesses, who knew its value at that place, to express an opinion as to its value at the place of conversion. Other rulings on the admissibility of evidence are complained of. The questions, however, are neither of controlling importance in the case, nor of general interest, and we deem it unnecessary to consider them, further than to say that the rulings appear to us to be correct. AFFIRMED.