SULLIVAN, Respondent, *v.* SCHULTZ, Appellant.

[No. 1,121.]

[Submitted May 4, 1899. Decided May 22, 1899.]

*Contract for Tombstone—Purchaser's Right to Disregard— Ownership of Stone on Public Domain—Sufficiency of Brief—Rules of Supreme Court.*

1. Defendant contracted with plaintiff for a tombstone, plaintiff reserving title thereto until it was paid for, and the right to retake it for nonpayment. Plaintiff furnished the tools and engaged a workman, with defendant's knowledge, to cut it, under his supervision, from granite on the United States public domain. Defendant paid the workman, at plaintiff's request, a part of what he was to have for the work, consulted plaintiff from time to time as the work progressed, and was shown the work by plaintiff when finished. *Held,* that she could not disregard her contract, and buy it of the workman, though plaintiff may have been wrongfully in possession thereof as a trespasser on the public domain.

2. Under the right conferred by Rev. St. U. S. Sec. 2319, and Act Cong. Aug. 4, 1892 (27 Stat. 348), to explore and occupy for profit public lands containing mineral deposits, including stone, one who takes granite from the public domain is not a trespasser, and by thus taking it and bestowing his labor upon it he becomes the exclusive owner thereof, though he does not acquire the exclusive right to the land from which it was taken.

3. Error in refusing to permit the introduction of evidence will not be considered where the brief fails to set it forth in *hæc verba,* or in substance, in conformity with Sup. Ct. Rule V, Subd. 3.

*Appeal from District Court, Silver Bow County; John Lindsay, Judge.*

Action by Morty O. Sullivan against Carrie Schultz. From

a judgment for plaintiff, and an order denying a new trial, defendant appeals. Affirmed.

Statement of the case by the Justice delivering the opinion.

Action in claim and delivery to recover the possession of 70 feet of granite coping and seven granite posts. The complaint is in the usual form, alleging title and right of possession in plaintiff at the time the suit was brought, a demand before suit, and a valuation of the disputed property at $282. The answer is a general denial.

The material facts, about which there is no controversy, are: On April 19, 1895, plaintiff, a stonecutter by trade, entered into a contract with defendant, in writing, under the terms of which he agreed to furnish her the coping and posts for a cemetery lot in which her mother was buried, at Butte, Silver Bow county. The amount and dimensions of cut stone necessary were provided for, and the price fixed at $282. The work was to be completed by May 27th, "unless unforeseen causes shall prevent." The purchase price was payable on or before June 1, 1895. The contract also contains the following provision: "The title in said monument to remain in the said Morty O. Sullivan, or his assigns, with the right to take the same at any time after the whole or any part of the purchase price shall be due and unpaid; and (I) hereby authorize him or his assigns to enter upon the lots or premises where the same may be, and remove it therefrom, waiving all damages therefor; and, further, the above price shall be due and payable immediately upon any countermand of this order after the acceptance hereof by the said Morty O. Sullivan, or his agent, or for a willful neglect to furnish him with such information as he may desire to enable him to properly complete said work." The contract was signed by both parties. As soon as it was executed, the plaintiff employed one Gus Theriau, at the agreed price of $150, to cut the stone, according to the specifications named in the contract between plaintiff and defendant, from a quarry upon public land belonging to the United States. The plaintiff furnished Theriau with

the tools necessary, and superintended the work until the stone was all cut, to see that it was done according to the contract. The defendant consulted with plaintiff from time to time during the progress of the work. Theriau was paid $30 by defendant upon the order of plaintiff as a part of his contract price. This was done before the work was completed. Theriau completed his contract during the latter part of May, about May 27th. On June 1st or 2d Theriau brought the stone from the quarry and set it up around the lot. This was done at defendant's request. She thereupon paid him the additional sum of $150. Theriau was not authorized by plaintiff to collect any money from defendant on the contract price but defendant, having learned from Theriau that he was doing the work for plaintiff for $150, and that he had not been paid for it by plaintiff, concluded to buy the stone from him at that price. Her intention was to save the difference between the amounts paid to Theriau and the original contract price of $282. This arrangement was made and carried out between the defendant and Theriau without regard to plaintiff's rights. Thereupon defendant refused to pay the plaintiff anything. So far as the proof shows, Theriau had not demanded his pay from the plaintiff. Apparently he proceeded upon the assumption that, as he had not been paid in full for his work, he was at liberty to sell the stone to defendant. Defendant knew that he was employed by plaintiff to cut the stone for her, and plaintiff had shown her the work after it was done. She did not at any time notify plaintiff that she would not accept the work because it was not finished by May 27th. She stated on the trial that she did not pay plaintiff because the job was not completed by May 30th, Decoration Day, as she desired to decorate the grave of her mother on that day. Before suit was brought plaintiff demanded possession of the property of defendant, and it was refused.

On the trial below the jury found for plaintiff, and fixed the value of the property at $102, evidently on the theory that the plaintiff should not recover more than the balance of the contract price. Judgment was entered for plaintiff. From

this judgment, and an order overruling her motion for a new trial, defendant appeals.

*Howell & Harney*, for Appellant.   .

*C. P. Connolly*, for Respondent.

**BRANTLY, C. J.**—1.   Defendant asks that the judgment and order appealed from herein be reversed, for the reason that the proof shows that plaintiff took the stone in controversy from the public domain, but fails to show that he did so under license or permission from the government of the United States, and that, therefore, he has not made out a case upon which he is entitled to recover.   He stands, defendant insists, in the attitude of one who has neither title nor right of possession but such as is founded upon his own tortious act as a trespasser upon the lands of the United States.   Defendant cites, as conclusive in support of this position, *N. P. Railroad Co.* v. *Lewis*, 162 U. S. 366, 16 Sup. Ct. 831; *Schulenberg* v. *Harriman*, 21 Wall. 44; *Turley* v. *Tucker*, 6 Mo. 583; *U. S.* v. *Cook*, 19 Wall. 591; *Murphy* v. *Sioux City Railroad Co.*, 55 Iowa, 473, 8 N. W. 320; but an examination of these cases shows that they are not applicable to the facts of this case.   In *Murphy* v. *Sioux City Railroad Co.* the plaintiff sought to recover the value of hay cut and stacked upon the land of another, and burned by the negligence of defendant.   All the other cases involve controversies arising out of the unlawful cutting of timber upon public lands, and were suits, either by the owner of the fee for the recovery of the timber cut and removed, as in *Schulenberg* v. *Harriman*, and *U. S.* v. *Cook*, or by a trespasser upon the public domain to recover for timber cut and left there by him, and afterwards removed or destroyed by the defendant, as in *N. P. Railroad Co.* v. *Lewis*, and *Turley* v. *Tucker*.   These cases all follow the general rule applicable to cases of like character.   But we do not find anything in them contrary to another general rule that mere possession, though wrongful, is sufficient to maintain an action in

replevin as against a mere stranger. (Cobbey on Replevin,
Sec. 786.) This rule is also distinctly recognized in *N. P.
Railroad Co.* v. *Lewis, supra.* Under the facts in this case
defendant stands in no attitude to dispute the title or the pos-
session of plaintiff. She contracted with him for a certain
quantity of cut stone, to be used for a certain purpose. He
hired Theriau to cut it at a stipulated price, thus incurring a
liability upon the strength of his contract with her. He fur-
nished the necessary tools for the work, and gave it his atten-
tion to see that it was done according to the contract. She
knew that Theriau was working for him. She discharged a
part of her obligation, under her contract with him, by paying
Theriau a part of his contract price at plaintiff's request. She
consulted with plaintiff from time to time as the work pro-
gressed, and she was shown the work by plaintiff after it was
finished. Having discovered that by collusion with Theriau,
and by paying him $30 more than plaintiff had agreed to pay
him, she could save $102, as she supposed, she concluded to
disregard her contract with plaintiff, and at the same time to
take the fruits of his thrift and industry without compensa-
tion. In all fairness Theriau could not be permitted to disre-
gard his employer's rights, and thus, for his own profit, dis-
pose of what, so far as he was concerned, and according to
every principle of right and fair dealing, belonged to his em-
ployer. His act amounted to a conversion of his em-
ployer's property. Having obtained possession of the stone
from Theriau by collusion with him, defendant stands upon
no higher ground, and therefore should be held to abide by
the terms of her contract with plaintiff.

But whether this principle applies here or not, and apart
from these considerations, we think the plaintiff entitled to re-
cover. The cutting of timber upon the public domain is pro-
hibited by law, but there is no such prohibition touching the
deposits of mineral upon the public lands. Under the law
they are all free and open to exploration and occupation by
the citizen for his own profit. This applies to all lands con-
taining valuable deposits, including building stone. (Revised

Statutes U. S. Sec. 2319; Act Congress Aug. 4, 1892, 27 Stat. 348.) The right thus granted necessarily carries with it the license to take what may be found in the course of exploration and apply it to the discoverer's own use. The option is left to him to acquire the exclusive right to the land containing the deposit; but, if he does not choose to do so, he may still avail himself of the deposit, exclusively or in common with others, until some one else acquires the exclusive right from the government. We are not aware that this right has ever been drawn in question. Therefore, in getting the stone upon the public domain, the plaintiff was not a trespasser. By taking it, and bestowing his labor upon it, or causing labor to be bestowed upon it by Theriau, his employe, he became the owner of it in fact as against every person. Theriau's custody or possession of it was his. The defendant stands in the same position as if she had gotten it from the plaintiff. Having failed to pay for it, she was subject to have it taken from her possession, upon demand, after the price was due.

2. The contention is also made that the court erred in not permitting defendant to introduce evidence tending to show that, at the time the stone was delivered to defendant and set up by Theriau, it did not belong to plaintiff, but to Theriau. Though error may have been committed in this regard, this Court will not consider it, for the reason that the brief of counsel fails to set forth, in *hæc verba* or in substance, the proof offered and rejected, in conformity with Subdivision 3 of Rule V of this Court.

Let the judgment and order appealed from be affirmed.

*Affirmed.*

HUNT and PIGOTT, JJ., concur.