MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS AND J. W. CAREY V. JAMES F. STARR AND WIFE.

Decided December 2, 1899.

**1.   Joinder—Parties—Husband and Wife.**

In an action against a railway company by a husband and wife for the value of railroad ties, cut from a survey of land of which each plaintiff owned a distinct part as his or her separate property, the misjoinder of parties plaintiff, if any, was of no hurtful consequence to the defendant, and was not reversible error.

**2.   Same—Joinder of Causes of Action.**

Nor was there in such case a misjoinder of causes of action, where the liability of defendant to each plaintiff was stated in separate and distinct counts.

**3.   Damages—Measure of, Where Property Wrongfully Taken Is Enhanced in Value.**

Where railroad ties are wrongfully cut from land without the consent of the owner and sold to a railway company having no knowledge that they were wrongfully taken, the owner of the land may recover from the company their value, not merely as timber standing on the land, but as ties when delivered to the company.

APPEAL from Wood.   Tried below before Hon. J. G. RUSSELL.

*H. M. Cates, T. S. Miller,* and *Head, Dillard & Muse,* for appellants.

*F. S. Prendergast* and *Ben S. Pope,* for appellees.

FINLEY, Chief Justice.—This case was tried before the court without a jury upon an agreed state of facts as follows: "The parties plaintiff and defendant in the above case agree to withdraw the case from the jury docket, and submit it to the judge for his decision upon the following agreed statement of facts:

"This is a suit by James F. Starr, joined by his wife, Clara C. Starr, as plaintiffs, against the Missouri, Kansas and Texas Railway Company of Texas, and J. W. Carey, as defendants, suit being instituted on October 26, 1897. The suit is for the value of ties cut off of the Andres Gonzales league in Wood County, Texas. A portion of the land from which the ties were cut belonged to Mrs. Clara C. Starr as her separate property, and a portion of said land belonged to James F. Starr as his separate property. It was agreed that there were 2400 ties cut from and manufactured into ties and afterwards removed from said land, and that said ties were worth 5 cents per tie standing in the woods, and that 90 per cent of said ties were worth 31 cents at Alba, Texas, on the line of the defendant railway, and that 10 per cent of said ties were worth 13 cents per tie at Alba, all of said ties being delivered to the defendants at Alba. The following blocks of land containing about sixty acres each belonged to Clara C. Starr as her separate property: 59, 61, 66, 80, 96, 76, 68, and 81; and the following blocks of land belonged to James F. Starr as his separate property: 40, 41, 47, 54, 73, 58, 55. That 1400 of said ties were cut within two years of the filing of this suit, and that 1000 of said ties were cut more than two years before the filing of the suit, but said 1000 ties were cut from land belonging to Clara C. Starr in her own separate right, who is now and has been for the last twenty years a married woman, the wife of James F. Starr. All of said ties were cut by persons unknown to the parties to this suit, who had no right to cut said ties from said land. That the defendant, J. W. Carey, purchased 1400 of said ties without any knowledge or information that they had been cut from plaintiffs' land unlawfully and without plaintiffs' authority, and that he paid full value therefor and delivered the same to his codefendant railway; that the Missouri, Kansas & Texas Railway Company of Texas received 1000 of said ties from R. Gilmour & Bro., who were contractors, two years prior to the institution of this suit, and that said Gilmour & Bro. and said railway had no knowledge or information that they [were taken?] from plaintiffs' land without their consent, and that they paid full value for said ties.

"In case any judgment is rendered for the 1400 ties against both Carey and the defendant railway, then the latter shall have judgment over against Carey for such amount.

"In case a judgment is rendered against Carey and the defendant rail-

way for the 1400 ties, and a judgment is rendered against the railway for the 1000 ties, then the costs in this case shall be apportioned between Carey and the said railway in proportion to the amount so rendered against each of said defendants.

"Sixteen hundred of said ties cut from said land were cut from the blocks owned by Clara C. Starr, and 800 from those blocks owned by James F. Starr. All of said ties were cut without the knowledge or consent of James F. Starr or his wife, Clara C. Starr.

"It is further agreed that J. W. Carey was general tie contractor in Texas for the Missouri, Kansas & Texas Railway Company, and received and paid for monthly from January 1, 1895, to date of this suit, all ties delivered on the line of said railway in Teras, and that at the Alba yards and yards adjoining thereto where all the ties in question were delivered Carey received these and other ties mixed together,—ties far in excess of the ties in controversy.

"Questions of law to be determined under the foregoing statement of facts:

"1. Can the plaintiffs maintain this action in the manner in which it is brought, for the reason that a portion of the land is the separate property of James F. Starr, and a portion of the land is the separate property of Clara C. Starr, and such lands are in separate lots as shown in said statement of facts? Now, the question is, can the suit be maintained on account of misjoinder of action?

"2. Does limitation apply to Mrs. Clara C. Starr?

"3. If plaintiffs can recover, what is the measure of damages, the value of the ties in the trees or the value of the timber after the same had been manufactured into ties and hauled to the railroad at Alba?

"Plaintiffs contend that the measure of damages is the value of the ties after they were cut and hauled to Alba.

"Defendants contend that the measure of damages is the value of the ties as they were in the trees after being cut and felled and valued, as agreed, at 5 cents per tie."

The court rendered judgment in favor of the plaintiffs against both defendants for $408.80, and for this sum and four-sevenths of the cost, the railway company was given judgment against its codefendant, Carey. Of the $408.80 recovered by plaintiffs, it was adjudged that $233 was the separate estate of the husband, James F. Starr, and $175 was the separate estate of the wife, Clara C. Starr. The wife, Clara C. Starr, was also given judgment in her separate right against the railway company alone for the sum of $292. From this judgment the defendants have appealed.

1. The first question presented for our decision is, was the action of the court in overruling the exceptions raising the objection of misjoinder of parties and causes of action reversible error? It is manifest that appellants were not damaged in any way by the ruling of the court, in so far as misjoinder of parties be concerned. Even though it be conceded that there was such misjoinder, it appearing to have no hurtful consequences to appellants, under our decisions, it should not cause the re-

versal of the judgment.   Railway v. Helm, 64 Texas, 147; Lee v. Turner, 71 Texas, 264.

In regard to the question of misjoinder of causes of action, under our system the joining of separate and distinct causes of action in one suit is not necessarily wrong.   It will be permitted only where they are common to all the defendants, and may be enforced by the same plaintiff. Stewart v. Gordon, 65 Texas, 347.   The right to join such causes is further qualified by the requirement that they should be pleaded in distinct and complete counts.   Wallace v. Walker, 73 Texas, 8; Roby v. Meyer, 84 Texas, 392; 13 Enc. of Pl. and Prac., p. 60.   No objection is here raised as to any failure to meet this requirement, and it would be such a defect in pleading, we apprehend, as could only be reached by special exception.   The pleadings of the plaintiffs declare upon causes of action alleged against each of the two defendants, and the plaintiff James F. Starr had the right to assert these causes of action against them.   He had the right to sue them for the value of the timber cut from his land, and his wife was not a necessary nor property party to such a suit.   But, as has been seen, the mere joining of her therein is not necessarily hurtful error.   He also had the right and it was his duty to sue for the value of the timber cut from his wife's land.   In the latter character of suit, she is a proper though not necessary party plaintiff.   Rev. Stats., art. 1200.   We therefore see that the necessary plaintiff had the right to enforce the alleged causes of action against each of the defendants.   The causes of action were of the same character, and such, in our judgment, as may properly be enforced in one and the same suit.   Had the wife been left out entirely, we think there could hardly be a question of the right to join the causes of action; and this brings the question down to the mere misjoinder of parties, which has already been considered.   We hold that in this particular the court did not commit reversible error.

2.   The only other question presented is, did the court err in allowing the plaintiffs to recover the value of the timber in its improved state? That is, after it was cut down, made into cross ties, and hauled to the railroad by the original trespassers; or should the recovery have been limited to the value of the timber in the trees, as they stood upon the ground?   Upon this question there is a decided conflict of authority in the various States of the Union.   Our own Supreme Court has never passed upon the question, so far as we have been able to ascertain.   The Supreme Court of the United States has held that the owner is entitled to recover of the innocent purchaser the value of the timber in the condition it was when received from the trespasser.   Wooden Ware Co. v. United States, 106 U. S., 432.   As stated, there are many decisions in conflict with this holding, but the high character and ability of that court, and the reasoning upon which the decision is based, influence us to determine the question the same way.   See also the following authorities which tend to support the principles announced in the case cited:   Railway v. Lewis, 162 U. S., 366; Schulenberg v. Harriman, 21 Wall., 44, 64; Turley v. Tucker, 6 Mo., 583; United States v. Cook, 19 Wall., 591; Railway

v. Jones, 27 Ill., 41; Murphy v. Railway, 55 Iowa, 473; Railway v. Cullers, 81 Texas, 382; Jenkins v. McConico, 26 Ala., 213; Ellis v. Wire, 33 Ind., 127, same case, 5 Am. Rep., 189; Nesbit v. Lumber Co., 21 Minn., 491; Acrea v. Brayton (Iowa), 38 N. W. Rep., 171; United States v. Williams, 18 Fed. Rep., 475; United States v. Baxter, 46 Fed. Rep., 350; Hutchins v. Kins, 1 Wall., 59; Kerr v. Stuart, 84 Fed. Rep., 546; Kalb v. Bankhead, 18 Texas, 232; Fisher v. Brown, 70 Fed. Rep., 570; Nelson v. Graff, 12 Fed. Rep., 389.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.