ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* WHITE.

Opinion delivered January 17, 1910.

1. MASTER AND SERVANT—ASSUMED RISK.—A servant does not assume the risk of injury caused by the master's failure to comply with a statutory requirement for his protection, such as the requirement that railroad companies equip and maintain upon every locomotive a headlight of 1,500 candle power. (Page 370.)

2. SAME—NEGLIGENCE—FAILURE TO SUPPLY HEADLIGHT.—Where a trainman was injured in a collision with a cow on the track, evidence

that the railroad company used a coal oil headlight which enabled the engineer to see only from 300 to 500 feet ahead, when, if an electric light of 1,500 candle power had been used, as required by statute, he could have seen ahead a distance of from 1,700 to 2,000 feet, and that the engineer failed to see the cow before she was struck, justified a finding that the injury was due to the failure to equip the engine with a headlight of the required candle power. (Page 370.)

Appeal from Crawford Circuit Court; *Jeptha H. Evans,* Judge; affirmed.

*Lovick P. Miles,* for appellant.

The court should have directed a verdict for appellant:

(1) Because the evidence failed to show that the absence of a 1,500 candle power headlight was the proximate cause of White's death. 56 Ark. 279; 29 Cyc. 631; 13 Cyc. 216; 76 La. 744; 83 Ark. 584; 86 Ark. 465; 77 Ark. 599.

(2) Because deceased plainly assumed the risk of the absence of such headlight. 54 Ark. 389; 56 *Id.* 31; 77 *Id.* 374; 82 *Id.* 11. The decision in 88 Ark. 243 is not applicable to the act in question. 207 U. S. 463.

*Sam R. Chew,* for appellee.

1. The failure of appellant to comply with the requirements of the act was negligence *per se,* which rendered it liable for all damages resulting therefrom. 1 Thompson on Negligence, § 10; 1 Shearman & Redfield on Negligence, § 13 (5 ed.); 152 U. S. 262; 111 *Id.* 228; 32 S. W. 460; 56 N. W. 914; 88 Ark. 243; 53 Ark. 201. The question as to whether or not White's death resulted from such failure was thus one for the jury, and the evidence sustains their finding. 75 Ill. 96; 27 Fla. 157; 20 N. W. 321; 66 Ark. 363; 81 *Id.* 267; 88 *Id.* 204.

2. Deceased did not assume the risk. 53 Ark. 201, and authorities on negligence *supra;* 88 Ark. 243.

HART, J. This is an appeal by the St. Louis, Iron Mountain & Southern Railway Company from a judgment rendered against it in the Crawford Circuit Court in favor of Laura C. White.

John W. White was in the service of the defendant as brakeman, and was killed by the derailment of one of its trains at Menefee, Arkansas. The occurrence took place in the night time, and the train was running at the rate of 20 or 25 miles per

hour.   White was on the engine, which was drawing about 23 loaded cars.   When the train approached the switch at Menefee, the engine struck a cow.   The pony trucks of the engine became derailed, and followed the main track until the train reached the switch, when the pony trucks followed the lead rails to the side track, and caused the engine to become derailed.   It turned over and crushed the brakeman, White, to death.

Appellee, the mother of the deceased, sued appellant for damages on account of his death.   John White died intestate. He was unmarried, and lived with his mother.   The allegation of negligence upon which she recovered was the failure of appellant to have the engine equipped with a headlight of 1,500 candle power, in compliance with the act of the Arkansas Legislature, approved May 28, 1907.

Section one of the act provides that railroads over 50 miles in length, operated in whole or in part in this State, "shall be required to equip, maintain and use upon each and every locomotive being operated in road service in the State a headlight of power and brilliancy of 1,500 candle power.

Section two provides a penalty for the failure to comply with the terms of the act.   Acts of 1907, p. 1019.

In the case of *Johnson* v. *Mammoth Vein Coal Company*, 88 Ark. 243, the court held that the servant does not assume the risk of injury caused by the master's failure to comply with a statutory requirement for his protection.

That statutory requirement that railroads shall keep a constant lookout for persons and property upon their tracks is also for the benefit of employees as well as others.   *St. Louis Southwestern Ry. Co.* v. *Graham*, 83 Ark. 61, and cases cited.

"In an action against a railroad company by an employee to recover for damages received in an accident, negligence of the railroad company will not be presumed merely from the occurrence of the accident, but must be proved, and the burden is on the plaintiff to establish it."   *St. Louis & San Francisco Rd. Co.* v. *Wells*, 82 Ark. 372; *Little Rock & Ft. Smith Ry. Co.* v. *Eubanks*, 48 Ark. 460.

Tested by these rules of law, was the defendant liable under the facts disclosed by the record?   The engineer testified that he did not see the cow before she was struck.   His engine was

equipped with a coal oil headlight. With it he could see "three or four or five hundred feet" ahead of him and as much as eight or ten feet on either side. His train was from 500 to 700 feet long. The right of way where the injury occurred was clear and unobstructed, and the track was practically level.

The appellee adduced evidence tending to show that an electric headlight of 1,500 candle power would enable the engineer to see ahead for a distance of 1,700 to 2,000 feet, and would throw light from one side of the right of way to the other; that the train, running on a practically level track at the rate of from twenty to twenty-five miles per hour, could have been brought to a stop at 1,100 feet, and could be reduced five or ten miles an hour in 600 feet; that cattle lay down on the track at night as well as in the day time.

Although the evidence is not very satisfactory, we think the jury was warranted in finding that, had the engine been equipped with a headlight of the candle power required by the statute, the engineer, if he had been keeping a lookout, could have seen the cow in time to have stopped the train, or at least could have checked the speed to such an extent before striking the cow that the derailment of the engine and the resulting injury could have been avoided; and that the company was guilty of negligence in using the oil headlight.

The judgment is therefore affirmed.