SCHRAMM v. P. J. OWENS LUMBER CO.†
(Court of Civil Appeals of Texas. San Antonio. Jan. 21, 1914. Rehearing Denied March 4, 1914.)

1. TRIAL (§ 255*)—INSTRUCTIONS—NECESSITY OF REQUESTS.

In an action for the price of lumber alleged to have been sold to defendant, the statute of frauds was not pleaded, but there was evidence tending to show that the lumber was sold to a contractor, and that, if defendant agreed to pay therefor, the agreement was not in writing. The court charged that if the lumber was not sold to defendant but to the contractor, and defendant did not promise or agree to pay therefor before delivery, to find for defendant. *Held* that, the statute not having been pleaded and having been partially covered by the charge, defendant could not complain of the court's failure to charge directly and affirmatively as to the statute of frauds, in the absence of any request for a further instruction on this subject.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

2. APPEAL AND ERROR (§ 173*)—NECESSITY OF PLEADING.

The defense of the statute of frauds must be made in some way in the trial court and cannot be interposed for the first time on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1079–1089, 1091–1093, 1095–1098, 1101–1120; Dec. Dig. § 173.*]

3. TRIAL (§ 255*)—INSTRUCTIONS—NECESSITY OF REQUESTS.

Where the court does not cover all the issues satisfactorily to a party, he should request special charges that do cover them.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 627–641; Dec. Dig. § 255.*]

4. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE IN PROCURING.

In an action for the price of lumber, the trial court did not abuse its discretion in denying a new trial on the ground of newly discovered evidence consisting of delivery bills, showing that the lumber was billed to a contractor and not to defendant, where, though it appeared that such bills were found since the trial, it further appeared that they were found in a box of old papers left by the contractor on defendant's premises in the possession of himself and his employé, and there was no showing that they could not have been discovered before the trial by the use of ordinary diligence, or that any diligence was used, since diligence must be shown and cannot be presumed.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. § 102.*]

5. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE IN PROCURING.

In an action for the price of lumber, a new trial on the ground of newly discovered evidence, consisting of the testimony of a witness to whom defendant claimed the lumber was sold, was properly denied, where, though it appeared that defendant had no direct communication with such witness and did not know his whereabouts for some time prior to the trial, it was apparent that he knew the importance of his testimony for some time before the trial, and it did not appear what effort he made to find him or to obtain his testimony, or that he could not have found him if he had tried.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. § 102.*]

Appeal from Bexar County Court for Civil Cases; John H. Clark, Judge.

Action by the P. J. Owens Lumber Company against Gustav Schramm. Judgment for plaintiff, and defendant appeals. Affirmed.

Leo Tarleton, of San Antonio, for appellant. Hertzberg, Barrett & Kercheville, of San Antonio, for appellee.

CARL, J. This suit was filed by appellee, P. J. Owens Lumber Company, against appellant, Gustav Schramm, on a sworn account for the sum of $886.87 for lumber and material alleged to have been sold to appellant. The defendant below answered by general denial, and denied specially under oath that he ever had any kind of a contract with appellee or that he bought a single item of the goods shown in the account.

The evidence of the plaintiff below was to the effect that the lumber was sold to the defendant and that he agreed to pay for same, while the contention of appellant was that he did not buy the same, nor did he at any time agree to pay therefor, and that, if plaintiff sold same, it was to one A. E. Reed, a contractor, who was erecting Mr. Schramm's building. The pleadings do not raise the issue of the statute of frauds, but appellant's evidence was along that line, tending to show that the lumber was really sold to Reed, and that, if Schramm did agree to pay for same, it was not in writing, and therefore within the statute. On this phase of the case the court charged the jury as follows: "If the material was not sold to the defendant, but was sold to a contractor who was building a house for defendant, and the defendant did not promise and agree with the plaintiff that he would pay for the same before said material was delivered to the contractor, then you will return your verdict for the defendant."

[1-3] The first assignment is that the court

---

erred in not submitting the law in the charge directly and affirmatively on the statute of frauds. No charge was requested on that subject; and since the pleadings do not raise that issue, and no special charge was requested, the court was not called upon to do more than was done in giving the charge above to cover the issue raised by the evidence. The answer does not even contain a general demurrer. The defense of the statute of frauds cannot be interposed for the first time on appeal. Hart v. Garcia, 63 S. W. 921. The defense should in some way be made in the trial court. It might be different if the plaintiff below had declared upon a promise of Schramm to pay Reed's debt; but this suit is brought directly against appellant and alleges that he bought and agreed to pay for the material. If the company had alleged that Reed bought the material and Schramm agreed to pay for it, it would affirmatively appear that it was within the statute of frauds, and Judge Neill intimates that in such a case it could be raised by an objection to the evidence. International Harvester Co. v. Campbell, 43 Tex. Civ. App. 421, 96 S. W. 98. If the appellant was not satisfied with the charge of the court, it became his duty to request one that suited him better. This was not done, and, where the court does not cover all the issues satisfactorily to a party, he should request special charges that do cover them. Hengy v. Hengy, 151 S. W. 1128; I. & G. N. v. Williams, 160 S. W. 640; Park v. Pyle, 157 S. W. 445. Appellant contends that it was the duty of the court to charge on the statute of frauds, notwithstanding no special charge was requested, and cites Epperson v. Railway Co., 125 S. W. 120, and Parrish v. Adwell, 124 S. W. 442. This issue was partially covered by the charge, because the court instructed the jury in substance that if they believed the material was sold to a contractor, and defendant did not promise and agree that he would pay for same before the material was delivered, to find for the defendant. The charge given is not attacked, and, if defendant desired a further instruction, it became his duty to request it. This was not done, and we therefore overrule this assignment.

[4] The second assignment complains of the action of the trial court in refusing him a new trial on the ground of newly discovered evidence. This new evidence was in the shape of delivery bills showing that the material was billed out to A. E. Reed and not to Schramm, as contended by the plaintiff below. There is no doubt that this was important testimony, and doubtless would have been a very important factor in the trial of the case, had it been used. But in order that this court may, as a matter of law, hold that the trial court abused his discretion in refusing a new trial on the ground of newly discovered evidence, the party seeking a new trial by reason thereof must, among other things, show that he could not have discov-

ered same in time for the trial by the use of ordinary diligence. This the appellant does not do. It is true the affidavits state that it was found since the trial; but those same affidavits show that it was on the premises of the appellant all the time. The affidavit of appellant in his motion for a new trial says that he "also found among the scattered papers of the said A. E. Reed, left on the premises, dray bills of the P. J. Owens Lumber Company from May 3, 1912, to August 9, 1912," etc. These, he says, were found since the trial. There is no diligence claimed or set forth in the motion or in the affidavits attached thereto. Ike Livingston's affidavit says he found these papers in a box on the premises since the trial. He was an employé of appellant and right there on the place. He says he found the dray bills in a box of old papers left by Reed on the premises. These were the important documents (and they are important) which constitute the newly discovered testimony; but who was in possession of those premises all the while? None other than Mr. Schramm and his employé, Livingston. So far as we know, they could have found the papers any day before the trial by simply using ordinary diligence. They knew that was Reed's box, and ordinary prudence would suggest that they see what Reed left there. At any rate, the burden is on them to show what diligence was used. No statment is made anywhere in the motion or in the affidavits attached thereto which throws the least light on diligence used, if any was used, to discover these papers. That they are important, even vital evidence in the light of this record, there is no doubt, and if appellant had shown anywhere in this record that any diligence was used, and that they could not have been discovered before the trial, this case would certainly terminate differently from the way it will be decided. But if appellant fail to properly present these matters so as to enable this court to act thereon, in accordance with the decisions of this state, and in a way favorable to him, we cannot be held responsible. This court is not authorized to supply by presumption that which the law makes it the duty of appellant to show, diligence in matters of this kind. The strongest that appellant's case can be put is that the papers were found since the trial; but the duty owed this court to show why they were not sooner found is left unperformed.

[5] The same might be said of Reed's testimony and the diligence used to get him. The statement is made "that defendant had no direct communication with said A. E. Reed since on or about the latter part of the month of July, and did not know his whereabouts prior to the trial of this case on the 10th day of March, 1913." The defendant below knew from the time this suit was filed, certainly from the time his answer was filed, on November 2, 1912, the importance of Reed's testimony, because the petition de-

clares on a straight sale to Schramm. He is now informed that Reed is in Dallas, and will testify that he bought the material sued for and that no one else did. Important, it is true, but what effort has been shown to get either Reed or his deposition? What effort was made to find him between November, 1912, and March, 1913? He says he had no direct communication with Reed, but he does not negative the proposition that he could have found Reed if he had tried. This court will not presume that appellant was diligent; the burden is on him to show it; and this he has absolutely failed to do. "It must appear that the evidence is material, has come to the knowledge of the applicant since the trial, could not be sooner discovered, is not merely cumulative, and that it is not for the purpose of impeachment." Mitchell v. Bass, 26 Tex. 377. "The character of diligence used should be shown." S. & E. T. Ry. Co. v. Wood, 69 Tex. 682, 7 S. W. 372; Johnson v. Flint, 75 Tex. 381, 12 S. W. 1120; Conwill v. G., C. & S. F. Ry. Co., 85 Tex. 102, 19 S. W. 1017; T. & N. O. Ry. Co. v. Scarborough, 104 S. W. 408; Wagner v. Geiselman, 156 S. W. 527.

In the light of the record presented, we are compelled to affirm the judgment.