SMITH et al. v. ROSS.
No. 4633.

Court of Civil Appeals of Texas. Texarkana.
May 9, 1935.

J. H. Benefield, of Jefferson, and I. C. Underwood, of Marshall, for plaintiffs in error.

Rowell & Rowell, of Jefferson, for defendant in error.

JOHNSON, Chief Justice.

The suit is an action in trespass to try title to a certain 70-acre tract of land, a part of the Robert Maxwell H. R. survey in Marion county. The original petition was filed by M. J. Ross on January 7, 1927. M. J. Ross died intestate April 21, 1929, his surviving wife and sole heir, Minnie Ross, was made party plaintiff. The case was tried upon plaintiff's fourth amended original petition, in which she pleaded title to the 70 acres of land by limitation of ten years (Rev. St. 1925, art. 5510). The petition further alleged that the defendant Levi Williams is claiming a certain 6.42 acres of the 70-acre tract; and that the defendants Will Smith, Sherman Smith, Ed Smith, Walter Smith, Idelia Smith, Ike Smith, and L. Smith are claiming a certain 7.1 acres of said 70-acre tract. The defendant Levi Williams filed a plea in abatement alleging misjoinder of causes of action and of parties. The defendants Will Smith and others jointly filed a similar plea. The pleas were overruled and the defendants respectively excepted. The two answers also contain pleas of not guilty and pleas of three, five, and ten-year statutes of limitation as to the 6.42 acres claimed by Levi Williams, and as to the 7.1 acres claimed by Will Smith and others.

This trial was had to a jury on May 22, 1933. The facts found by the jury vested title to the land in controversy in the plaintiff under her plea of ten-year limitation, and judgment was entered accordingly.

Defendants have prosecuted writ of error and will be hereafter referred to as appellants.

 Under their first proposition, appellants assert that the court erred in not sustaining their pleas in abatement alleging misjoinder of causes of action and of parties. It appears that appellee acquired the 70 acres of land from Felix Smith, by deed dated May 29, 1901. Felix Smith then owned the 160 acres located north of and adjoining the 70 acres. Subsequently Felix Smith died. Appellant Levi Williams acquired the west 80 of the 160 acres; and appellants Will Smith and others, heirs of Felix Smith, deceased, still retain title to the south 40 of the east 80 of said 160 acres. The location on the ground of the original division line between the 70 and 160 acres of land is now disputed. It appears that immediately after his purchase in 1901, appellee's husband fenced the 70 acres and continuously occupied and cultivated it, except a small portion not here in controversy, until 1927, when ap-

pellants moved appellee's north line fence back south a distance of 117 varas at the west and 84 varas at the east, and extending across the north end of the 70 acres, which relocation of the fence appellants claim is on the original division line between the 70 and the 160 acres of land. Appellee claims the division line to be along her original fence line, and appellee claims title to the strip of land by limitation of ten years. Appellants contend that the court erred in overruling their respective pleas in abatement for alleged misjoinder of causes and of parties, because appellant Williams claims only the west end of said strip, and appellants Will Smith and others claim only the east end of said strip. It is noted that appellee's plea of limitation and the facts in support thereof on which she relies for recovery apply to the respective claims of appellants; and that appellants' claims are based upon common grounds, and evidence in support of the one would support the other; and appellee's said causes of action as to each of appellants are so closely related that the investigation of one necessarily develops the facts with respect to the other. The matters were of the same nature; the relief sought is similar. They were heard without confusion or uncertainty. No injury or inconvenience resulted to either of appellants. Although certain causes may be tried separately, it is proper to unite them if the rights of the parties in the matters involved are so interwoven that they may conveniently be settled in one action, it being the policy of our courts to avoid multiplicity of suits. Garrison v. Bowman (Tex. Civ. App.) 183 S. W. 70; Kreis v. Kreis (Tex. Civ. App.) 36 S.W.(2d) 821; Missouri, K. & T. Rwy. Co. v. Starr, 22 Tex. Civ. App. 353, 55 S. W. 393. The assignment is overruled.

■ Appellants next contend that the findings of the jury in support of appellee's plea of ten-year limitation is without support in the evidence. Appellee's testimony is to the effect that her husband had the land in controversy under fence, occupying and using it as a farm eighteen or twenty years prior to the time appellants moved the fence back and took possession in 1927. John and Gus Moseley testified that M. J. Ross, appellee's husband, had the land in controversy under fence, cultivating it for more than twenty years. To the same effect is the testimony of Robert Smith, Ples Joins, and Tom Crook. The

testimony amply sustains the findings of the jury complained of.

■ Appellants further contend that the court erred in overruling their motion for new trial on the ground of newly discovered evidence. The alleged newly discovered evidence is a conversation claimed to have occurred between the newly discovered witness, B. F. Bailey, and appellee's husband, M. J. Ross, some time subsequent to 1922. The admissions claimed to have been made by M. J. Ross in said conversation are stated in appellants' motion for new trial as follows, to wit: "That Felix Smith, under whom the defendants Will Smith et als. hold, that the said Felix Smith had told him (M. J. Ross) that the old original line ran through where it was established by the new survey, and that he was satisfied that this old South line of the 160 acre line and the old North line of his 70 acre tract, and that said line was the correct line, and that the said M. J. Ross knew that said line did not belong to him, that he did not want any part of it and that he was willing for the heirs of Felix Smith and Levi Williams to have the said land."

To appellants' bill of exceptions to the action of the trial judge in overruling the motion for new trial is attached the trial judge's qualification as follows, to wit: "Application for a new trial based on this alleged newly discovered evidence was overruled and refused by the court because this trial was the third trial of this case, had been pending on the docket since May, 1928 (1927), besides this witness Bailey had been made a party defendant, had been in court on a trial of the cause prior to the instant case, had plead in the case, and being mixed up in this suit, and besides had litigated another land suit with some of these defendants to land on the north side of the land in this suit, and with all his mix-up in same I certainly do not feel that diligence is shown on the part of any of these defendants, and after five years in court to have another trial, and besides I do not think this alleged testimony is material and would or could have affected the results of this case."

From an examination of the record, it appears that the witness Bailey lived in the neighborhood at least two or three years after this suit was filed; that he owned 40 of the 160 acres of land; that he had been in litigation over it; and that

he was at one time a party to this suit. It does not appear what, if any, diligence appellants exercised to sooner discover the alleged new evidence. We are unable to say that the trial judge abused his discretion in overruling the motion for new trial. Alsabrook v. Bishop (Tex. Civ. App.) 295 S. W. 646; Griffith v. Gohlman, Lester & Co. (Tex. Civ. App.) 253 S. W. 591; Schramm v. .P. J. Owens Lbr. Co. (Tex. Civ. App.) 163 S. W. 1016; Gulf, C. & S. F. Ry. v. Blanchard (Tex. Civ. App.) 73 S. W. 88; First National Bank v. Jones (Tex. Civ. App.) 59 S.W.(2d) 1103; 31 T. J., p. 90 et seq.

Finding no error in the record, the judgment of the trial court will be affirmed.