# 𝔚𝔶𝔱𝔥𝔢𝔳𝔦𝔩𝔩𝔢.

## MOORMAN & AL. V. CROCKETT.

## SAYERS & AL. V. CROCKETT.

### JULY 20th, 1893.

1. CONSOLIDATION OF SUITS.—Two suits against same person, one against him as trustee, the other as executor, for claims payable out of same fund, involving the settlement of same transaction, distribution of same estate, the complainants to be affected *pro tanto* by the result of a suit for dower out of same estate; *held*, properly heard together.

2. GENERAL LEGACIES—*Interest.*—A general legacy payable in no special manner, where the will is silent as to time of payment and as to when interest is to begin to run, is not payable until one year after the executor's qualification, and does not bear interest until payable.   Code, § 2706.

3. WILLS—*Construction—Advancements.*—Under a will dividing testator's property equally between a son and a daughter, and directing that he, in a settlement with his sister, shall charge himself with a certain bond given him by testator in his lifetime; *held*, such bond will be treated as an advancement to the son, and not as a gift of the entire amount to the daughter.

4. EXECUTOR—*Commissions.*—Where executor settles his accounts by mistake not before the commissioner of the proper court, where the whole matter is gone into in subsequent proceedings; *held*, no error to allow him compensation, though the accounts are not settled in time.

5. TRUSTEE—*Removal.*—A trustee, though insolvent and in arrears for a small amount when suit is brought, which arrears are subsequently paid, and where the beneficiary is entitled to the interest only during her life, and the investment is good and the sureties are solvent, will not be removed.

Appeal from decree of circuit court of Wythe county, rendered at the March term, 1891, in the chancery cause wherein Susan S. Moorman and others were plaintiffs and Robert Crockett, trustee, was defendant, and in the cause wherein Catherine A. Sayers and others were complainants and said Crockett, as executor, and others were defendants, consolidated and heard together. The decree being adverse to the complainants in each case, they appealed. Opinion states the case.

*C. B. Thomas* and *John A. Buchanan,* for appellants.

*Walker & Caldwell* and *Fulton & Fulton,* for appellees.

LACY, J., delivered the opinion of the court.

The suit of S. S. Moorman *v.* Ro. Crockett, trustee, was brought by the plaintiff, S. S. Sayers, before her marriage, alleging that Dr. Robert Crockett, deceased, was her grandfather, and that she was the S. S. Sayers mentioned in his will, and the defendant, Ro. Crockett, the person mentioned in the said will as his son, and named as trustee for her.

That by the second clause of his will the said Dr. Robert Crockett, deceased, provided as follows:

"I give and devise to my son, Robert Crockett, in trust for the benefit of my granddaughter, Susan Spiller Sayers, my house in which I now live, and the two lots connected with it; also the lot containing about four acres joining the property of W. A. Stuart, William Gibboney, Mrs. Robert Gibboney, and others. I also give and devise in trust as aforesaid to my said granddaughter ten thousand dollars in money, bonds, and accounts on hand at the time of my death; also my household furniture of every description, my gold watch and chain, my carriage and library. She is to be educated and supported from the rent of the property and interest accruing from bonds and notes, the interest on which I require the said Robert

Crockett as trustee to compound annually. The said trustee is invested with authority to manage and control the funds thus devised to my said granddaughter exclusively during her life for her and her children, should she have any. In the event that my said granddaughter should die without leaving legal heirs of her body, I give and devise one-half of all the property devised to her, in trust, to my son, Robert Crockett; the remaining half I devise to him in trust for the benefit of my daughter, Catherine Ann Sayers, and her children, to be exclusively used and controlled by him for that purpose."

That her said grandfather died on the 10th day of February, 1877.

That the said Robert Crockett qualified as executor and trustee on the 16th of March following, and executed a bond as said trustee, with Robert Sayers (the father of complainant), Wm. Stuart, F. S. Blair, and David Sexton as his sureties therein, in the circuit court of Wythe county.

That she was entitled to interest on the said legacy of $10,000 from the date of her grandfather's death, and to have it compounded; that only a small part of her legacy had been paid to her, and that a small part out of the interest; that she could get no statement and no settlement out of her trustee, her said uncle, Robert Crockett. And that she believed that he had squandered the whole of her legacy and was insolvent; asking that the amount with which he was properly chargeable be ascertained, and decreed against him and his sureties now living and the representatives of such as had died; and that he be removed and another trustee be appointed in his stead.

Subsequently, on the 1st day of February, 1881, one Catherine C. Sayers, with Robert Sayers, her trustee, and Nellie Sayers, Mary Sayers, and Helen Sayers, filed their bill, claiming that they had certain rights under the will of the said Dr. Robert Crockett, deceased, as follows:

" Robert Sayers and his wife, Catherine, having conveyed by

deed the farm known as a part of the Wohlford farm, and for which I mainly paid, to my son, Robert Crockett.

" I give and devise to my said son, Robert Crockett, in trust for the benefit of my daughter, Catherine Ann Sayers, and her children, other than Susan Spiller Sayers, my farm on Reed creek, with all the agricultural implements, stock of every description, to her and her children in trust as aforesaid forever.

" I give and devise to my said son, Robert Crockett, in trust as aforesaid, and with like provision, all the household furniture of every kind, including plate, piano, books, &c., to my said daughter, Catherine Ann Sayers, and her children (not including Susan Spiller Sayers), now in her possession, and which has recently been transferred to me, and for which I paid a fair price in money.

" The residue of my property, of all descriptions, including railroad stock, I give and devise one half to my son, Robert Crockett; the other half to my said son, Robert Crockett, in trust, as before provided, for the benefit of my said daughter, Catherine Ann Sayers, and children." And also a codicil :

" My son, Robert Crockett, in a settlement with his sister, C. A. Sayers, is to charge himself with the amount of the bond I let him have on the Messrs. Wysors and Miller, which amounted to three thousand dollars in the fall of 1875. This sum to be subjected to his control as trustee for the benefit of C. A. Sayers and her three daughters, as directed in my last will and testament."

Alleging that the said Robert Crockett had never, as executor, returned any inventory and appraisement of the estate of his testator, nor made any settlement before the commissioner of accounts of the court before which he qualified, praying that he be required to settle and charge himself with the whole of the bond of Wysors and Miller mentioned in the codicil above, as trustee, as the whole of it belonged to the said Mrs. Sayers and her children. That the liens on the real

estate of the said Crockett paid complainants be properly adjusted, and the charge on the realty of complainants on account of the dower interests of the widow of the testator, Dr. Robert Crockett, Sr., who survived him.

It appears that when the said Dr. Robert Crockett made his will, he provided for his wife, Mary, after his death, a support at the house of his daughter, Catherine, and practically cut her off from all participation in his estate, as she was his second wife and not the mother of his children.

This Mrs. Mary Crockett, to whom reference is made in the bill of Mrs. Sayers and others, renounced the provisions of her said husband's will and filed her bill, and demanded her legal rights. Soon after her husband's death, his death having occurred in February, 1877, in the month of July following, the said bill was filed. An account was ordered and taken to ascertain her legal rights. Her dower interest in the land and personalty was stated at $15,000, and this sum had to be provided for out of the estate of Dr. Robert Crockett, both real and personal; and a very considerable alteration was then made in the wishes of the testator as expressed in his will.

At this stage of the Mrs. Mary Crockett's suit a compromise was reached, by which the said widow, who was entitled to receive $15,000, present value of her dower right, agreed to receive in full satisfaction of all her claims for dower in both the real and personal estate of her late husband, the sum of $8,500, and the following decree was entered in that cause on the 11th day of December, 1877, by consent of all parties:

This cause came on this day to be heard again upon the papers formerly read in this cause, and upon the inventory of the personal estate of Ro. Crockett, deceased, which was filed with the answer of Ro. Crockett and papers of this cause directly after the adjournment of the last term of this court, and was argued by counsel. On consideration whereof, and with the consent of the plaintiff as well as that of the defendants, the court doth adjudge, order and decree that the agree-

ment and compromise made between the plaintiff and defen-
dants, wherein the plaintiff agrees to receive of and from Ro.
Crockett, executor of Ro. Crockett, deceased, the sum of eight
thousand five hundred dollars ($8,500) in full of the entire
claim against the estate of her husband, Ro. Crockett, deceased,
including her dower in her said husband's real estate, as well
as her distributive share in the personal estate of her said hus-
band, including all personal property, bonds, accounts, choses
in action, moneys and all else that may have belonged to or in
any way controlled by her said husband, the said Ro. Crockett,
deceased, and in full satisfaction of the decree entered herein
at the September term last of this court, and which said sum
of $8,500 has been paid to and received by the said plaintiff in
bonds, executed by divers persons and assigned to the said
plaintiff, with the usual recourse by Ro. Crockett, executor of
Ro. Crockett, deceased, in full payment and satisfaction of said
sum of $8,500, be and the same is hereby confirmed and
decreed to be a full settlement, payment and satisfaction to
the plaintiff for all and her entire claim against the estate of
her said husband, the said Ro. Crockett, deceased, and of the
said decree.

And it is further adjudged, ordered and decreed, and with
the like consent of the parties aforesaid, that the plaintiff shall
execute a deed releasing to Ro. Crockett, executor of Ro.
Crockett, deceased, all her claims as the widow of her husband,
R. Crockett, deceased, to her said husband's real and personal
estate, in accordance with the settlement and compromise
hereinbefore set out, and that said Ro. Crockett, as executor
of Ro. Crockett, deceased, shall execute a deed releasing to
the plaintiff all claims whatever, including all claims to any
money in bank stock of the said plaintiff which may not have
been reduced into the possession of and by R. Crockett, de-
ceased, in his life time.

And the court doth further adjudge, by consent as aforesaid,
and by reference to the inventory filed in this cause, and to ex-

hibit filed in the papers of this cause marked "J. W. C.," that of the $8,500 paid to the said plaintiff all except $2,833 33 thereof was paid her on account of the present money value of her dower interest in the real estate of her said husband, R. Crockett, deceased.

The court enters this decree upon the consent of the adult parties to this suit, as well as being fully satisfied from an inspection of the papers in this cause that the interests of the infant defendants to this suit have been promoted by the said settlement and compromise. And the object of this suit having been obtained, it is ordered to be stricken from the docket without costs to either party.

The said decree was endorsed as follows: Enter this. Robt. Sayers, trustee C. A. Sayers, Robert Crockett; F. S. Blair, atto. for infant defendants; Jos. W. Caldwell, for plaintiff. Let this be entered Dec. 11, 1877. J. H. Fulton (the judge of the court).

And as we have seen the decree declares that it was entered by consent of the adult parties to this suit, as well as being fully satisfied from an inspection of the papers in this cause that the interests of the infant defendants to this suit have been promoted by the said settlement and compromise.

The executor and trustee, and his sureties answered in each of the above named suits of Moorman *v.* Crockett and Sayers *v.* Crockett, and the two suits were consolidated and heard together, and decree entered for reference, and the whole matter gone into *de novo* before an experienced lawyer, who was appointed commissioner for the purpose, exceptions filed to his reports, and passed on by the court, and decree rendered in these causes at the March term, 1891, by which it is decreed as follows:

These causes came on to be again heard upon the papers formerly read, upon the decrees heretofore entered. The recommitted report of Commissioner W. H. Bolling and depositions and exhibits returned therewith upon exceptions signed

by both parties to said report, and was argued by counsel, upon consideration of all which the court doth adjudge, order, and decree that the exceptions to said report be overruled and that said report be confirmed, the court adopting the statement of said commissioner as to the account of Robt. Crockett, trustee for S. S. Moorman, known as statement No. 2, which shews the balance due on account of said trustee fiduciary account on first day of June, 1890, to be $10,000 principal money and $1,240 14 interest to date of report, viz: the first day of June, 1890, and it appearing to the court that Robert Crockett, executor of Dr. Robert Crockett, has advanced to the plaintiff in the case of C. A. Sayers *et als. v.* Robert Crockett, or to the trustee of said complainant, the sum of $3,172 41, which bears interest from the first day of June, 1888, in excess of their shares as residuary legatees in the will of Dr. Robert Crockett, which sum is made chargeable on the real estate devised to complainants by the will of said testator. And it further appearing to the court from the facts and circumstances developed in this case that Robert Crockett, the trustee for S. S. Moorman, should not now be removed and another appointed in his stead; and that the rights of the beneficiary, S. S. Moorman, are satisfied by a preservation of the principal of the trust fund, and the annual payment to her of the interest thereon, and there being no intimation of the insolvency of the securities of the said trustee and his official bond, it is therefore adjudged, ordered, and decreed that Robert Crockett, trustee, and in his default, L. M. Trinkle, administrator of David Sexton; A. J. Stuart, administrator of Wm. Stuart, F. S. Blair, and Robert Sayers, do pay to the said S. S. Moorman the interest upon said principal fund, to wit: $1,240 41 as of June 1, 1890, and the interest annually due upon $10,000 during the life time of said beneficiary, subject, however, to a credit of any payments made to her since the institution of this suit, and not appearing in the report of Commissioner W. H. Bolling, and further subject to a credit

for any payments that may be made to her by Mrs. C. A. Sayers in this decree hereafter provided for. And the court doth further order, adjudge, and decree that of the sum of $3,172 40 due from the plaintiffs in the case of C. A. Sayers and *als. v.* Robert Crockett, ex'or, and *als.*, with interest from the first day of June, 1888, which is charged by this decree as a lien upon their land; that the plaintiff do pay to said Robert Crockett, as trustee for S. S. Moorman, the interest on the principal sum to the first day of June, 1890, and thereafter they shall pay said interest to the said trustee for said Mrs. Moorman annually on the first day of June, 1891, and on the first day of June each year thereafter.

It is further adjudged, ordered, and decreed that the complainants in the said last-named cause do secure and provide for the payment of the said sums of interest and the principal above named to Robert Crockett, trustee, and that the said sum of principal be held by the said trustee as a permanent investment of so much of the trust fund so long as they pay the interest thereon, and the said trustee is entitled to receive the same. It is further decreed that unless the said Robert Crockett, trustee, or sureties above named, and the said plaintiffs in said cause of C. A. Sayers and *als. v.* Robert Crockett and *als.*, do pay the several sums of interest above decreed to be paid by them as the same shall fall due, then that the parties entitled to receive the said annual payments of interest shall have leave to sue out writs of *fieri facias* therefor, and to apply to this court for such further orders and decrees as may be necessary to carry out this decree and to secure the rights of all the parties interested and the security of the trust funds, and for this purpose it is ordered that these causes be retained upon the docket until the further order of this court.

From this decree the appellants applied for and obtained an appeal to this court.

The report of Commissioner Bolling above referred to, and over which this controversy has arisen, is as follows:

In obedience to your honor's decree entered in these two causes, in vacation, I gave notice to the parties and proceeded to reform and restate the several accounts directed, and append the result of my work hereto as a part of this report.

In stating the account of the dealings of Rob. Crockett, as executor of his deceased father, with the assets in his hands, I have disallowed vouchers 1, 2, and 3, allowed by Commissioner C. B. Thomas, because this money was not a part of the assets of testator. Dr. Crockett was executor of Simmerman, who was the father of Mrs. J. P. M. Simmerman, testator, bequeathed a legacy to a family of negroes, who were at the date of the will, and at the time of testator's death, his slaves. Dr. Crockett was advised that these legatees were incapable of taking, under the will, the legacy thus bequeathed to them; and J. P. M. Simmerman demanded that this money should be paid to him; and the executor paid him the money, but took an indemnifying bond from him. After the war these negroes sued and recovered the legacy, and had a decree directing the executor, Dr. Crockett, to pay it over to them with accrued interest; and this money, $4,588, specified in these three receipts, was paid to Robert Crockett, as executor of his father, Dr. Ro. Crockett, by J. P. M. Simmerman to meet the decree in favor of these negroes, and I submit that it is no part of his estate, and the executor should not be allowed commissions on this sum to be taken out of the assets of the estate. Having disallowed this charge, I also disallowed the credit to the estate. I further disallowed the credit of voucher 29, $8,500, but allowed only $2,833 33 of the sum, which is all that is chargeable to the personal estate, under the decree in the case of Mary Crockett *v.* Robt. Crockett *et als.*, entered on the 11th of December, 1877. By this decree the balance, $5,666 67, is made a charge on the real estate, as per estimates of the value of the same, as shown by exhibit "J. W. C.," which is made a part of this decree.

This decree is signed by Robt. Sayers, trustee, and Cath. A.

Sayers, his *cestui que trust*, and by Robt. Crockett, and is entered by consent, and the court is made to adjudge, order, and decree that, of the sum of $8,500 paid the widow of Dr. Crockett, only $2,833 33 shall be charged against the personalty, and the balance, $5,666 67, is made a charge on the real estate devised under the will, and is the (then) present value of her (Mrs. Mary Crockett's) dower in these lands. The relative value of the lands is fixed in exhibit "J. W. C.," which is made a part of this decree. In this, the lands devised to Mrs. C. A. Sayers and her children, other than Susan S., is valued at $25,000; that devised to S. Sayers, at $8,000; and the sum of $3,000, which Robt. Crockett is required to account for, is treated as land.

By these figures the amount that is made a charge upon Mrs. Sayers' land is $3,935, and that upon S. S. Sayers' is $1,259 20, and the balance of this sum of $5,766 67 is chargeable upon the $3,000 treated as realty as above stated. Having disallowed the charge against the personal estate, it is proper to treat this sum as money advanced by Robt. Crockett for Mrs. Sayers, or for her trustee, to pay the amount charged upon her real estate, to wit: $3,935, and in stating the account between him and Mrs. Sayers, as residuary legatee, to credit him with this sum, and interest upon it, from the date that it was paid, and I have accordingly so treated and credited it. This sum, with its interest, or so much of it as has not been paid back by Mrs. Sayers' part of the residue of the estate (personalty), should be treated as a lien upon the real estate devised to her and her children, other than Susan S. This sum I ascertain to be $3,172 40, as of June 1, 1888.

And to this report exceptions were taken, which the court overruled, and which action of the court is assigned as error here.

The first error assigned here is as to the action of the court in hearing the two above mentioned causes together.

From what has been said, it appears that the two suits were

claims against the same person—one against him as trustee, the other against him as executor—the interest of each complainant demanded out of the same fund, and their rights and liabilities involved the settlement of the same transaction and the distribution of the same estate. And, moreover, they were *pro tanto* to be affected by whatever was to be the final end of the Mary Crockett suit for dower out of the same estate in which they claimed their rights. It was a proper case for the consideration of the two causes; and it was inevitable that they should be heard together, and the complainants have no cause of complaint on this account, as it is inconceivable that they were or could have been in any wise prejudiced thereby.

The second assignment is that the executor is not charged with his portion of the burden of the dower claim above mentioned by a *pro rata* charge on Lorette, or the Wohlford farm, which is the real estate conveyed to Ro. Crockett by Sayers and wife at the request of the executor. This was not land or real estate out of which the widow could have demanded dower; it was never the property of the testator. But it appearing that a part of the purchase money of this real estate had been advanced by the testator, as between his distributees this much *was* made liable, and no more could be demanded; but this arrangement was agreed to by Mrs. Sayers and her trustee and sanctioned by the court's decree in the Mary Crockett suit, which was never appealed from, and cannot now be questioned.

The third assignment of error is that the legacy left to Mrs. Moorman was not made to carry interest from the date of the testator's death.

It is the rule in this State that the legacy bears interest at the end of one year. It is not payable sooner under our law. Section 2706 of the Code of Virginia. The general rule is varied, if there be a future day named for the payment of the legacy, or some other period be fixed by the will when the interest is to begin. In this case there is nothing to take this

legacy out of the general rule and place it under any exception.

The will is silent as to these questions. It is a general legacy payable in no special manner. And there is nothing in the relation of the parties to change it. The legatee, an infant, lived in the home of her parents, and was amply provided for in other respects, and the testator did not stand *in loco parentis* as to her. *Morrison* v. *Lowell,* 82 Va., 591; *McCormick* v. *Wright,* 79 Va., 524; 2 Rob. (Old) Pr. 106; *Anderson* v. *Burwell,* 6 Gratt, 445; *Sholes* v. *Carr,* 3 Munf., 10; *Leighton* v. *Leighton,* 2 John. Ch., 614; 2d Lomax on Executors, 271.

The next assignment of error of sufficient importance to be especially noticed is the exception which concerns the true construction of the codicil mentioned above concerning the bond of Wysors and Miller, advanced to the son during the life of testator, but which he was required to account for with his sister, who was, under the will, entitled to one half of the *residuum*, and the son, the executor under the will, the other half. The said executor has charged himself as such with this bond, as the will directed, and treated the gift as an advancement to be brought in before distribution, and one half went to the sister and one half to himself. But the sister claims it all; that the gift of the father to the son was all given to her by the will. There is nothing whatever to justify this contention. Wherever in the will these two children are provided for out of the personalty, one is to have one half and the other the same. If Susan Spiller Sayers (Mrs. Moorman) dies childless, her interest is divided equally between the two. The *residuum* is so divided, and there is nothing in the clause in question, in the codicil, and nothing in the whole scheme of the will to justify this contention.

It is assigned as error that the executor not having settled his account as executor before a commissioner of the circuit court *ex parte,* which was the court in which he qualified, that he should have had all these disregarded and his commissions

denied him. It is not material to consider what is the due effect to be given to the acts of the commissioner of the county court, who was the regular commissioner of accounts of the county court, and his action, and the action of the executor in laying his accounts before him, was an inadvertence. There was no such commissioner in the circuit court, and all accounts were laid before this one.

But that is all cured by the result of these proceedings as the whole matter has been fully gone into, and every opportunity afforded these complainants which they could desire, or to which they could be entitled in any tribunal.

But by Section 2678 of the Code of Virginia, commissions may in a proper case, nevertheless, be allowed to a fiduciary although he may fail to settle his accounts in time. In this case the court has so allowed compensation to the fiduciary, and it was a proper case for such action. The settlement had been made, but by mistake not before the commissioner of the proper court. This was no reason for disallowing compensation to the executor as prescribed by law.

There is another assignment that certain small sums are not accounted for by the executor, but it is pointed out that being small they have been charged in the aggregate of $45,976, and there is no merit in this complaint.

The next assignment of error by Mrs. Moorman is the refusal of the court to remove the trustee and appoint another in his stead. It appears that when this suit was brought the trustee was in arrears a very small sum for interest for that year, and that after suit brought, payment of interest ceased until the amount was judicially ascertained, and further that all interest in arrears has been paid; that the beneficiary in the trust is entitled during her life to the interest only, and cannot demand the principal. It appears then, although the trustee is insolvent, that his sureties are unquestioned in solvency, and are admitted to be solvent and safe. It could not benefit the complainant to change the investment, now per-

fectly good and satisfactory, it could not be better invested, and there appears to be no ground for the removal of the trustee in this case.

Upon her death without children, Robert Crockett gets one-half of her legacy, and her mother, the complainant, Catherine A. Sayers, in the other suit heard with Mrs. Moorman's, gets the other half. And the record shows that the said Mrs. Sayers is indebted to the trust fund of her daughter, Mrs. Moorman, in what is not very far from what her one-half would be. So that the rights of all the interested parties appear to be as well provided for as they could be by the terms of the decree which we have already cited, and that the interest must hereafter be promptly paid; and, moreover, the case is retained on the court's docket, and the trust is therefore practically to be administered by the court.

The complainant, Mrs. Catherine A. Sayers, assigns as error, as also does Mrs. Moorman, that the amount due by Mrs. Sayers to the executor should be treated as an investment of a part of the trust fund *pro tanto*. Of this Mrs. Sayers cannot complain, because if more agreeable to her, upon payment of the money, the investment would be changed by the court. And Mrs. Moorman cannot object, because the security is ample; and provision is made by which all that she is entitled to (the interest during her life) is amply provided for by the court.

This concludes the discussion of all of the exceptions of the appellants and their assignments of error.

And upon careful consideration of all the questions involved, we are of opinion that the circuit court of Wythe county has decided all the questions herein correctly, and that there is no error in the decree appealed from, and we will affirm the same.

DECREE AFFIRMED.