### 7507

#### J. H. WILKES & CO. v. ARTHUR.

REFERENCE.—A Circuit Judge at chambers out of term time has the authority, under section 293, of the Code, to order all issues referred without the consent of all the parties in an action by the creditors of an insolvent bank against its stockholders to enforce their liability for the debts of the bank.

Before SEASE, J., Union, August, 1909.    Affirmed.

Action by J. H. Wilkes & Co. *et al.* against B. F. Arthur *et al.*  From order of reference the defendants, Exchange Bank and Trust Co. *et al.,* appeal.

*Messrs. Mitchell & Smith* and *J. P. K. Bryan,* for appellants, cite: Code of Proc., 293; 34 S. C., 169; 64 S. C., 293; 55 S. C., 379; 69 S. C., 186; 73 S. C., 198; 77 S. C., 186.

*Messrs. Wilson & Osborne* and *John K. Hamblin,* contra, cite: 29 S. C., 26; 73 S. C., 189, 227; 49 S. C., 425; 22 S. C., 292; 33 S. C., 530; 53 S. C., 583; 79 S. C., 9; 84 S. C., 495; 64 S. C., 291; 34 S. C., 173; 24 S. C., 550; 65 S. C., 456; 27 S. C., 238; 34 S. C., 172; 53 S. C., 583; 79 S. C., 1; 81 S. C., 495; 83 S. C., 495; 78 S. C., 196.

March 17, 1910. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This is an action by creditors to enforce alleged liability of the stockholders of the People's Bank of Union.

Certain of the defendants, the Exchange Bank and Trust Company, W. R. Walker and others, appeal from an order of Judge Sease made upon notice at chambers and out of term time, on August 9, 1909, referring the above entitled cause to the master to take the testimony and report his conclusions of law and fact thereon.

The question presented is whether a Judge at chambers has authority, without consent of all parties, to order issues of law and fact to the master in a case of this kind. It is conceded that he had authority to order a reference to take the testimony.

Such an order may be at chambers. *Green* v. *McCarter,* 64 S. C., 292.

The "case" is very meagre in stating the terms of the complaint, but ordinarily such an action is in equity, involving an ascertainment of the assets of the bank and an application of them to the debts, and the ascertainment of the credits to which the stockholders are entitled on their liability. *Parker* v. *Bank,* 53 S. C., 588, 31 S. E., 673; *Mann* v. *Boykin,* 79 S. C., 1, 60 S. E., 17; *Buist* v. *Williams,* 81 S. C., 495, 62 S. E., 859.

Under section 293 of the Civil Code compulsory reference may be ordered when an examination of a long account may be required or where the taking of an account shall be necessary for the information of the Court. We cannot say that the case does not fall within this section.

The judgment of the Circuit Court is affirmed.