8162

### J. H. WILKES & CO. v. ARTHUR.

1. BANKS—STOCKHOLDERS—DEPOSITORS—WAIVER.—Where at a reference in an action against the stockholders of a bank by the depositors on their liability, it is agreed that depositors could prove their claims by filing them, provided they did not exceed the amounts shown on the books of the bank to be due such claimants, and the books are admitted in evidence, and an attorney, who states that any method which the referee thinks right and fair is acceptable to him, although he thinks claims should be formally proved, cannot afterwards insist that claims not formally proved are not legally proved.

2. IBID.—IBID.—IBID.—One depositing money in a bank in the usual course and taking time certificates occupies the same relation to the stockholders under the Constitution and statutes as an ordinary depositor.

Before WATTS, J., Union, June, 1911. Modified.

Action by J. H. Wilkes & Company *et al.* against B. F. Arthur *et al.* Nearly all the defendants appeal.

*Messrs. W. W. Johnson, Wallace & Barron* and *J. K. P. Bryant,* for appellants. *Mr. Johnson* cites: *Passing of title on sale of personal property depends on intention of parties:* 33 Am. St. R. 810; 67 S. C. 377.

*Messrs. Wallace & Barron* cite: *Judgment for full liability against stockholders should be entered on assessments made thereon:* 79 S. C. 9. *Liability of transferee of stock:* 55 S. C. 87; 67 S. C. 386; 50 Fed. 394.

*Mr. J. K. P. Bryan* cites: *Proof of books:* 3 Rich. 353; 38 S. C. 274; 15 S. C. 376; 41 S. C. 149; 14 S. C. 450; 109 Mass. 464; 4 Seld. 170; 2 Hill 537; 55 N. Y. 441; 73 S. C. 545. *Proof of time certificates:* 29 S. C. 281. *Holders of these certificates are in same plight as if they held promissory notes:* 5 Ency. 805; 39 S. C. 281; 13 How. 218.

*Messrs. John K. Hamblin, Bomar & Osborne, Stanyarne Wilson, J. G. Hughes, J. F. Walker, Jr.,* and *J. A. Sawyer,* contra. *Messrs. John K. Hamblin, Bomar & Osborne* and *Stanyarne Willson* cite: *Liability of stockholders to depositors:* 53 S. C. 588; 81 S. C. 495, 79 S. C. 5. *Depositors holding time certificates are on an equal footing with others:* 5 Ency. 801; 3 Ency. 876; 45 S. C. 564. *Deposits draw interest from day bank was closed:* 70 S. C., 32; 5 Cyc. 569; 50 L. ed., U. S. 876. *Evidence as to books competent:* 86 S. C. 92.

March 27, 1912. The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY. This is an action by J. H. Wilkes & Co., King Hardware Company and Lady Schumpert as plaintiffs, (of whom Lady Schumpert is the only party respondent), against B. F. Arthur, and numerous other parties, named as stockholders of the Peoples Bank,

an insolvent corporation heretofore doing business, at Union, S. C. The action was brought by the plaintiffs, in behalf of themselves, and all other depositors of the Peoples Bank, who might join with them and contribute to the expenses of the suit, to enforce the statutory liability of said stockholders.

There was an order of reference to the master, to take the testimony, and report upon all issues involved; from which order, there was an appeal, but the appeal was dismissed (85 S. C. 300, 67 S. E. 297).

The master made his report, which was confirmed by the Circuit Court, except in certain particulars therein mentioned, whereupon several of the parties defendant, represented by different attorneys, appealed to this Court.

We will consider first, the questions raised by these appellants, represented by Mr. Bryan, who, in his argument, states, that the main question in the case, is whether the claims of any of the depositors have been legally proved, under the order of reference.

The sixteenth exception assigns error on the part of his Honor, the Circuit Judge, in overruling and not sustaining exception sixteen to the report of the master as follows:

"The master erred in finding as matter of fact, 'that at a reference on the 27th of July, 1910, it was agreed by counsel that the claims of all the depositors, who were present or represented at the reference, or had heretofore proven their claims, or filed same with the master, should be established by the books of said Peoples Bank, and the accounts of the receivers, provided the accounts of the respective depositors shall not exceed the receivers' accounts, and the bank books.' "

The following statement appears in the testimony: "It is agreed that all further claims offered by Mr. Hamblin and his associates, may be proven by filing a statement, showing the names of the parties, and the amounts of the respective claims, the same, however, to be in accordance

with the bank books, which are hereby offered in evidence for purposes of verification; and the said statement shall be sufficient proof of such claims, when so filed. The same agreement is to apply to all claims heretofore filed or hereafter to be filed, with the master."

At a subsequent reference, the record shows that the following took place: "Court: There have been some little claims, filed with me heretofore—quite a little number of them—and I don't think the parties have been notified. Mr. Bryan: Whatever the master thinks is proper and fair, is acceptable to my side; but I think they should be formally proven."

There are no facts apparent upon the face of the record indicating that the statement therein, as to the manner in which the claims should be proved was not authorized and was not binding upon Mr. Bryan's clients. Therefore, it was incumbent on him, to take such proceedings as were necessary to correct the record, while the reference was pending, or if he did not have notice of the statement in the record, until the report was filed, then to make a motion to be allowed to introduce testimony, to show that the agreement was not binding on the parties represented by him.

He, however, waived the right to object, to the manner in which the claims were proved, when he stated to the master, that whatever he thought was proper and fair was acceptable to his side. The fact that Mr. Bryan stated, that he thought the claims should be formally proved, did not destroy the effect of his previous consent, that whatever the master thought was proper and fair, would be acceptable to the parties represented by him.

The next question that will be considered is, whether his Honor, the Circuit Judge, erred, in ruling that the holders of time certificates, were depositors of said bank, within the meaning of the Constitution and statutes making stockholders liable to depositors of banks.

Section 18, art. IX of the Constitution is as follows: "The stockholders of all insolvent corporations, shall be individually liable to the creditors thereof, only to the extent of the amount remaining due to the corporation, upon the stock owned by them: *Provided,* That stockholders in banks or banking institutions, shall be liable to depositors therein in a sum equal in amount to their stock, over and above the face value of the same."

The framers of the Constitution did not contemplate fine spun distinctions, between those depositing money in the bank subject to draft, and those receiving time certificates for their deposits; nor the characteristics of a certificate of deposit, and those of a promissory note. It makes no difference how much similarity there may be between a time certificate of deposit and a promissory note, it does not prevent the person receiving the certificate of deposit, from still occupying the relation of a depositor. No authority has been cited, and we believe none can be found sustaining the proposition, that a party depositing money in a bank in the usual course of business, and accepting a time certificate, is not to be regarded as a depositor.

The other exceptions of these appellants involve questions of fact, and are overruled, as it has not been made to appear that they were erroneous.

In all other respects the judgment of the Circuit Court is affirmed, for the reasons therein stated.