## 11836

### FARMERS & MERCHANTS NATIONAL BANK OF LAKE CITY v. FOSTER *ET AL.*

#### (129 S. E., 629)

1. Reference—Compulsory Reference in Consolidated Actions by Bank on Notes Given Under Contract of Guaranty by Officers of Insolvent Bank Held Improperly Refused.—Where bank taking over .affairs of another insolvent bank took from officers, directors, and stockholders of such bank notes representing limit of their liability under written contract of guaranty, and agreed to liquidate affairs of bank and account to guarantors, and later brought nine separate actions against individual guarantors on such notes, which were consolidated, *held* refusal of Court to order a reference for purpose of accounting by plaintiff for assets which had come into its possession was under Code Civ. Proc. 1922, § 593, erroneous.

2. Reference—Compulsory Reference Unwarranted Except Where Case is Within Equitable Cognizance of Court.—Compulsory reference may be ordered only in case coming within equitable cognizance of Court, which, under Code Civ. Proc. 1922, § 593, is one involving examination of long account on either side.

3. Guaranty—Bank Assuming Affairs of Another Insolvent Bank Held to Occupy Position of Trustee in its Relation to Persons Guaranteeing it Against Loss.—Bank, which took over affairs of insolvent bank and agreed to liquidate its assets and account to officers, directors, and stockholders of insolvent bank, which had guaranteed it against loss, *held*, to occupy position of trustee in its relation to guarantors, and bound to faithfully execute trust and render just accounting before proceeding against guarantors.

4. Appeal and Error—Refusal of Compulsory Reference Based on Erroneous Conception of Law is Technically "Abuse of Discretion," and Reviewable.—Though refusal of compulsory reference is largely within discretion of judge, his action is reviewable when based on an erroneous conception of law, it being in such case technically an "abuse of discretion."

5. Action—Consolidation of Separate Actions Against Coguarantors Held Proper.—Where bank taking over affairs of another insolvent bank took from officers, directors, and stockholders of such bank notes representing limit of their liability, under written contract of guaranty, given by them, *held* nine separate actions on such notes, each within equitable cognizance of Court because involving accounting by bank, were properly consolidated though there was no identity of parties defendant.

6. Action—Consolidation of Actions at Law Unwarranted Where Parties not Same, Though Rule Different in Equity Cases.—In actions at law, there can be no consolidation of independent actions where parties are not same, though different rule prevails in cases involving equitable jurisdiction.

7. Trial—Where Equitable Defense is Interposed in Legal Action, it is Within Discretion of Judge to Try Either Issue First.—Where equitable defense is interposed in legal action, it is within discretion of judge to try either issue first.

Before Shipp, J., Florence, August, 1924.    Affirmed in part and reversed in part.

Separate actions by the Farmers & Merchants National Bank of Lake City against J. C. Foster and eight others. From an order granting consolidation of such actions, but refusing compulsory reference, both parties appeal.    Order in so far as it required consolidation affirmed, and in so far as it refused reference reversed.

*Messrs. Phillip H. Arrowsmith* and *Lide & McCandlish,* for appellant-respondent, cite: *Reference compulsory:*

Code Civ. Proc., 1922, Sec. 593. *Statute refers to cases of equitable cognizance:* 125 S. E., 420. *Discretion:* 108 S. C., 206. *Reference compulsory when equitable issues raised in answer or complaint:* 121 S. C., 338; 114 S. C., 353; 112 S. C., 365; 108 S. C., 206; 85 S. C., 299; 75 S. C., 105.

*Messrs. Ashton H. Williams, D. Gordon Baker, Davis & Sharkey* and *Willcox & Hardee,* for respondents-appellants, cite: *Reference discretionary:* 27 S. C., 235; 105 S. C., 280. *Appellant must allege abuse of discretion:* 77 S. C., 410. *Issue not equitable:* 69 S. C., 141. *Jury trial guaranteed:* Code Civ. Proc., 1922, Sec. 533. *Case disposed of by determination of legal issue:* 60 S. C., 559.

September 23, 1925.

The opinion of the Court was delivered by Mr. Justice Cothran.

These were nine separate actions brought by the plaintiff bank against the defendant J. C. Foster and eight others, upon several notes signed by them, executed under the circumstances hereinafter detailed. The plaintiff made a motion before his Honor, Judge Shipp, to consolidate the nine actions, and to refer them to the Master of Florence County. Judge Shipp passed an order consolidating the actions, but refusing to refer them, upon the ground as stated in his order:

"An accounting is neither asked, nor are there allegations appropriate to an accounting in either pleading. In short, no matter of equitable cognizance is presented by the pleading, but only purely legal issues."

The plaintiff has appealed from so much of the order as refused a reference, and the defendants from so much of it as ordered a consolidation of the actions.

The circumstances, under which the controversy has arisen, are as follows:

On October 20, 1920, the Bank of Lake City was found by the State Bank Examiner to be in an insolvent condition

and its doors were about to be closed.    To prevent this, an
agreement was entered into between the Lake City Bank
and the Farmers' & Merchants' National Bank of the same
place by which the national bank agreed to take over the
assets of the Lake City bank and assume its liabilities to
depositors and creditors, upon certain conditions, as follows:
That the defendant Foster and a number of other officers,
directors, and stockholders of the Lake City bank would
enter into a written contract of guaranty, indemnifying the
national bank against loss in the event that the assigned
assets should prove insufficient to liquidate the liabilities
assumed by the national bank; the limit of this guaranty was
to be $88,000, and the liability of each guarantor was to be
limited to the amount of a promissory note to be given to
the national bank, representing his liability.    Accordingly
a written contract was executed by the proposed guarantors
and promissory notes executed as indicated.    Under the
terms of said contract of guaranty, the national bank agreed
to assume the liabilities of the Lake City bank to its deposi-
tors, to collect all the assets as soon as possible, to pay the
depositors from the proceeds of said assets, to liquidate and
wind up the affairs of the bank without profit to itself, and
to account to the defendant and his coguarantors as soon
as practicable after the affairs of the bank should be liqui-
dated.    (The foregoing is practically quoted from the an-
swer of the defendant.)    The note of the defendant Foster,
in pursuance of the contract of guaranty, was for $1,000,
dated on or about October 20, 1920, and was renewed from
time to time until April 2, 1923, when a new note was ex-
ecuted by him, for the same amount, due October 1, 1923,
with interest after maturity at 8 per cent. and 10 per cent.
attorney's fees.    The record for appeal does not describe
the several notes executed by the other guarantors.

The complaint in the case against the defendant Foster
is in the usual form of an action upon a promissory note.
The complaints in the other several eight actions are not

described, but we assume that they are in the same form.

The answer sets forth the foregoing facts and alleges that the notes are part and parcel of the original contract of guaranty, and were given in pursuance of it to show the respective liabilities of the several guarantors. It also alleges by way of defense, as follows:

"That since the 20th day of October, 1920, plaintiff has had exclusive charge and control of all the assets of the Bank of Lake City and has managed them in such a careless and negligent manner that losses have been sustained which would not have been sustained if it had properly and diligently handled them; that it has wholly failed and refused to perform its obligations assumed to the defendant and his coguarantors as agreed upon; and that by reason of all this this defendant and his coguarantors are not liable to the plaintiff in any sum whatsoever."

With regard first to the refusal of the Circuit Judge 1, 2 to order a reference in the causes consolidated: It appears settled by the decisions of this Court, that a compulsory reference may be ordered only in cases coming within the equitable cognizance of the Court (*Newell Contracting Co. v. Blankenship,* 130 S. C., 131; 125 S. E., 420), and "even if the cause of action be deemed equitable, the Court has no power to compulsorily order a reference except under the circumstances detailed in Section 593 * * * and even then it is a matter for the exercise of the Court's discretion, and is not reviewable, except in a case of abuse of that discretion."

The "circumstances detailed in Section 593" are "where the trial of an issue of fact shall require the examination of a long account on either side."

We are of the opinion that the motion for a compulsory reference was supported by the essential elements for the exercise of the Court's discretion, a matter clearly cognizable on the equity side of the Court, and the examination of a long account, and that for the reason that the pleadings

disclose a matter within the equitable cognizance of the Court, his Honor the Circuit Judge based his refusal upon an erroneous legal conclusion, which renders his action reviewable by this Court.

The defense of the guarantors is that their notes are not evidence of an absolute liability to the national bank; that they were given for the purpose of fixing the individual liability of each guarantor upon the contract of guaranty, part and parcel of which they are; that this liability was conditioned upon the faithful execution by the national bank of the duties it assumed in taking over the assets, namely, "to collect all the assets of said bank as soon as possible, to pay the depositors from the proceeds of said assets, to liquidate and wind up the affairs of said bank without profit to itself, and to account to the defendant and his coguarantors as soon as practicable after the affairs of said bank were liquidated" (quoting answer), which can only mean:

"We do not owe you anything until you have made an accounting to us as you agreed to do, showing that you have faithfully complied with your engagements."

The answer proceeds to allege that the national bank has failed in its trust; that it has negligently handled the assets so that losses have been sustained which otherwise would not have been; that it has wholly failed and refused to perform its obligations assumed to the defendant and his coguarantors; allegations which could not possibly be sustained or refuted but by a full accounting by the bank of its conduct in connection with the assets, consisting probably of hundreds of items.

The guarantors, as directors or stockholders, were directly interested in the prompt and full collection of the assets; they surrendered their interests, under the agreement, to the national bank, which assumed certain duties in connection with them. The bank clearly therefore occupied the position of a trustee in its relation to the guarantors, and bound faithfully to execute the trust and

render a just accounting of their conduct in reference to it.

It is hardly necessary to do more than cite the case of *Smith v. Ins. Co.*, 112 S. C., 356; 99 S. E., 833, where the present Chief Justice in an elaborate and able opinion disposes of the question. There it is said:

"There are two reasons why his Honor, the presiding Judge, erred in ruling that the plaintiff was entitled to a trial by jury: In the first place, the fact, as shown by the contract, that the plaintiff as agent was intrusted with the collections of money for the benefit of his principal created a fiduciary relation between them, and entitled either of them to invoke the equitable aid of the Court by way of an accounting. And, in the second place, the accounts are so complicated that a trial by jury would not afford adequate relief."

The following is quoted from Mr. Pomeroy, 4 Eq. Jur. §, 1421:

"The instances in which the legal remedies are held to be inadequate, and, therefore, a suit in equity for an accounting proper are: (1) Where there are mutual accounts between the plaintiff and the defendant, that is, where each of the two parties has received and paid on the account of the other; (2) Where the accounts are all on one side, but there are circumstances of great complication, or difficulties, in the way of adequate relief at law; (3) where a fiduciary relation exists between the parties, and the duty rests upon the defendant to render an account."

In the recent case of *Rainwater v. Bank*, 108 S. C., 206; 93 S. E., 770, it is said:

"Not only was there error in refusing a reference as to the issues arising out of the complaint, but, as it clearly appears that the issues raised by the defense cannot be determined without the aid of the Court in the exercise of its equitable jurisdiction, there was error, also, in refusing a reference as to those issues."

See, also, *Wilkes v. Arthur*, 85 S. C., 299; 67 S. E., 297.

*Price v Middleton,* 75 S. C., 105; 55 S. E., 156.  *Gardner v. Jarrett,* 121 S. C., 338; 113 S. E., 493.

From this it is clear that the Circuit Judge was in error in holding that there was no feature of equitable cognizance in either pleading, and while as stated the ordering of a compulsory reference is largely within the discretion of the presiding Judge, his action is reviewable, when shown to have been based upon an erroneous conception of the law.  Such action comes technically within the definition of "abuse of discretion" contained in the case of *Norris v. Clinkscales,* 47 S. C., 488; 25 S. E., 797:

"And the appeal will lie, not because of any so-called 'abuse of discretion'—a phrase unhappily framed, because implying a bad motive or wrong purpose—but because his ruling may appear to have been made on grounds and for reasons clearly untenable."

As is said in *Rainwater v. Bank,* 108 S. C., 206; 93 S. E., 770:

"A motion for a reference is ordinarily addressed to the discretion of the presiding Judge, but, if it should appear, as it does in the present case, that his discretion was erroneously exercised, then the order granting or refusing a reference, will be set aside."

And now with regard to the order of consolidation: We think that the Circuit Court was entirely right in ordering the nine cases consolidated.  In the first place, the plaintiff by setting forth the matters alleged in the defendant's answer and declaring its faithful execution of the trust, the contract of guaranty and the several liabilities of the guarantors thereunder, evidenced by their notes, might well have sued the entire list of guarantors in the one action.

"It is common practice to consolidate actions pending in the same Court that might have been brought in one action, the purpose of consolidation being to prevent a multiplicity of suits."  1 R. C. L., 359.

"The consolidation of several equitable actions into one,

that might have been brought as one is proper." *Harrigan v. Gilchrist,* 121 Wis., 127; 99 N. W., 909.

It is the policy of the law to avoid a multiplicity of suits, and to settle all matters between the parties relative to the same subject matter in the same suit.

"The principle upon which consolidation is ordered is, that the same question is to arise in all the actions. The object of consolidation is laudable. It is to save costs; and if we can secure to the parties all their rights, and at the same time prevent unnecessary cost, it is desirable." *Den v. Fen,* 9 N. J. Law, 335.

"The object of consolidating two or more actions is to avoid a multiplicity of suits, to guard against oppression or abuse, to prevent delay, and especially to save unnecessary costs or expense; in short the attainment of justice with the least expense and vexation to the parties litigant." 1 C. J., 1121.

It is unquestionably the rule in actions at law, that there can be no consolidation of independent actions where the parties are not the same. *Scott v. Cohen,* 1 Nott & McC. (S. C.), 413. But the rule is different in cases involving the equitable jurisdiction of the Court.

"In equity the conditions authorizing a consolidation differ from those which will warrant a consolidation of actions at law, the chief inquiry being with regard to the subject matter involved in the different suits, and it being unnecessary that there should be the same identity of parties as is essential to authorize a consolidation at law. A consolidation in equity is therefore proper wherever the subject matter involved and relief demanded in the different suits make it expedient for the Court by hearing them together properly to determine all of the issues involved and adequately adjudicate the rights of the different parties." 1 C. J., 1128.

"A very different rule would doubtless apply to consolidation of suits at law, for there suits cannot properly be con-

solidated unless the adverse parties in each are identical; but no such rule applies in chancery, where the Court has power to adopt and mold its relief to the particular circumstances of each party litigant, however he may be related to the subject matter of the litigation." *Russell v. Chicago Trust & Sav. Bank,* 139 Ill., 538; 29 N. E., 37; 17 L. R. A., 345.

"When a motion is made to consolidate suits in equity a wholly different test is applied, and the only inquiry is in respect to the identity of the subject matter involved." *Woodburn v. Woodburn,* 23 Ill. App., 296, reversed on other grounds, 123 Ill., 608; 14 N. E., 58; 16 N. E., 209.

In *Cox Shoe Co. v. Adams,* 105 Iowa, 402; 75 N. W., 316, the Court said, with regard to an objection that the parties were not identical:

"Such an objection might be urged with greater force were they on the law side of the calendar. The important inquiry in equity, however, is with respect to the identity of the subject matter involved. The aim is to bring in all the parties in interest, and suits will be consolidated without especial regard to the identity of the parties."

"The identity of parties is not considered, but, rather, a community of interest in the subject matter in litigation." *Taylor v. Brick Co.,* 66 Ohio St., 360; 64 N. E., 428.

"Party may obtain in one action all relief to which he may be entitled on account of a single transaction, though such relief may be of a character that would require several suits under strict rules of common law actions prior to adoption of Codes." *Newport v. Hatton* (Cal. Sup.), 231 P. 987.

See, also, *Crane v. Larsen,* 15 Or., 345; 15 P. 326. *Peterson v. Dillon,* 27 Wash., 78; 67 P. 397. *Moorman v. Crockett,* 90 Va., 185; 17 S. E., 875. *Wilmer v. Placide,* 118 Md., 305; 84 A., 491. *Griffith v. Hodges,* 123 S. C., 9, 806. *Pollock v. Assoc.,* 48 S. C., 65; 25 S. E., 977; 59 Am. St. Rep., 695. *Missouri, K. & T. R. Co. v. Starr,*

22 Tex. Civ. App., 353; 55 S. W., 393. *Fegelson v. Ins. Co.,* 94 Minn., 486; 103 N. W., 495.

The consolidation of these actions is so manifestly just and fair, without injury to any defendant, so greatly in the interest of the speedy administration of justice and saving of time and expense, that were it not buttressed by authority as it is, we should not hesiatte to approve it; *"aut veniam aut faciam viam."*

Where an equitable defense is interposed to a legal action, it is within the discretion of the presiding Judge to try either issue first, and where, as in this case, the defendant in his second defense admits the execution of the note sued upon, we have little doubt as to how that discretion will be exercised.

The judgment of this Court is that so much of the order appealed from as refuses a reference be reversed, and that so much of it as requires a consolidation of the actions be affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION and MR. ACTING ASSOCIATE JUSTICE R. O. PURDY concur.